**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **REBECCA SUE RAPER,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **No. 3:16-CV-239-N** |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social Security,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rebecca Sue Raper ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability, disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act") pursuant to Title 42, United States Code, Section 405(g). Tr. 130-35, 139-43, ECF No. 13-6. For the following reasons, the undersigned respectfully recommends that the District Court **REVERSE and REMAND** the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments including depression, high blood pressure, and Hepatitis C. Tr. 160, ECF No. 13-7. After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on June 11, 2014 in Dallas, Texas before ALJ Joseph Liken (the "ALJ"). Tr. 38, ECF No. 13-3. At the time of the hearing, Plaintiff was 53 years old. Tr. 38, ECF No. 13-3; Tr. 182, ECF No. 13-7. The highest grade of school Plaintiff completed is the third-grade. Tr. 53, ECF No. 13-3; Tr. 161, ECF No. 13-7. Plaintiff has worked in the past as a cashier and a manager at gas stations. Tr. 44-46, 56, ECF No. 13-3. Plaintiff has not engaged in substantial gainful activity since April 17, 2006. Tr. 182, ECF No. 13-7.

The ALJ posed to the Vocational Expert, Mr. Hildrey (the "VE") a hypothetical individual within the same age category, with marginal education, and with Plaintiff's work history. Tr. 57, ECF No. 13-3. The hypothetical individual was limited to the following: (1) lift and carry up to 20 pounds occasionally and 10 pounds frequently; (2) sit up to 6 hours in an 8 hour workday; (3) combined standing and walking up to 6 hours in an 8 hour workday; (4) no climbing of ladders, ropes or scaffolds; (5) occasional climbing of ramps and stairs, balancing, kneeling, crawling, crouching, and stooping; (6) no exposure to hazards such as unprotected heights, fast moving machinery, sharp objects, open flames, extreme heat, and concentrated exposure to vibration; (7) could understand, remember and carry out detailed, but not complex instructions; and (8) could have at least occasional contact with supervisors, co-workers and the public. Tr. 57-58, ECF No. 13-3. The VE testified that Plaintiff could not perform her past relevant work, but could work in light occupations such as a cleaner, a laundry folder and an assembler. Tr. 58, ECF No. 13-3. The VE also testified that Plaintiff could perform the tasks of the following sedentary occupations: an assembler, a lens inserter, and a cutter and paster. Tr. 58, ECF No. 13-3. The VE further testified that Plaintiff could miss one day of work per month and be off task 10 percent of the time in order to retain one of these jobs. Tr. 59, ECF No. 13-3.

The ALJ issued his decision on January 7, 2015 finding that Plaintiff was not under a disability as defined in the Social Security Act at any time from her alleged onset date of April 17, 2006 through March 31, 2011, Plaintiff's date last insured. Tr. 31, ECF No. 13-3. The ALJ noted that Plaintiff was born on June 20, 1960 and was a "younger individual" (age 18-49) on the alleged onset date, but changed age category to "closely approaching advanced age" (50-54) and remained in this category through the date last insured. Tr. 29, ECF No. 13-3. The ALJ further noted that Plaintiff has

marginal education. Tr. 29, ECF No. 13-3. The ALJ determined that, through the date last insured, Plaintiff had the following severe impairments: history of right ankle fracture with residual pain; Hepatitis; gastroesophageal reflux disease; hypertension; obesity; and depression. Tr. 23, ECF No. 13-3. The ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Tr. 24, ECF No. 13-3.

The ALJ determined that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff could: (1) not climb ladders, ropes, or scaffolds; (2) occasionally balance, stoop, crawl, crouch, or climb ramps or stairs; (3) have no exposures to unprotected heights, fast moving machinery, open flames, extreme heat, or concentrated vibration; (4) understand, remember, and carry out simple and detailed, but not complex instructions; and (5) have at least occasional contact with supervisors, coworkers and the public. Tr. 25, ECF No. 13-3. Based on the testimony of the VE, the ALJ determined that Plaintiff had the RFC to perform the tasks of the following light occupations: a cleaner, a laundry folder and an assembler. Tr. 30, ECF No. 13-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on December 10, 2015, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 13-3. Plaintiff subsequently filed this action in the district court on January 29, 2016. Compl., ECF No. 1.

**LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire*

*v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

**DISCUSSION**

Plaintiff argues that the Commissioner's decision is internally contradictory and deprives the Court meaningful review. Pl.'s Br. 12, ECF No. 16. Plaintiff points out that on May 10, 2013, the Commissioner issued a reconsideration decision stating that she applied 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.10 ("Section 201.10"), but Plaintiff argues that the application of Section 201.10 directs a finding of disabled. Pl.'s Br. 13-14, ECF No. 16; Tr. 354-66, ECF No. 13-8. Plaintiff further states that when she requested a review by the ALJ, the ALJ issued a decision on January 7, 2015 that did not mention Section 201.10, but found Plaintiff capable of performing light work. Reply 1, ECF No. 18. Then, when Plaintiff appealed the ALJ's decision to the Appeals Council, she contends that the Appeals Council disregarded the ALJ's January 7, 2015 decision and adopted the prior May 10, 2013 reconsideration decision. Reply 1, ECF No. 18. In the December 10, 2015 Notice of Appeals Council Action, the Appeals Council stated that the Notice was "about [Plaintiff's] request for review of the Administrative Law Judge's decision and dismissal of [Plaintiff's] request for hearing dated June 19, 2013," and that the "earlier [May 10, 2013] determination [] about that period stands as the final decision of the Commissioner of Social Security." Tr. 1, ECF No. 13-3. Plaintiff argues that while the "Commissioner may argue that the Appeals Council's reference to the May 10, 2013 reconsideration denial was a mere scrivener's error and that, in truth, the ALJ's January 7, 2015 decision was the final decision in this case[,]" the Fifth Circuit has stated that it is a well-settled rule that the Court "may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so." Pl.'s Br. 14, ECF No. 16 (quoting *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002)). Plaintiff also argues that the Commissioner's decision must "stand or fall" with the reasons that were adopted by the Appeals Council. Pl.'s Br. 14, ECF

No. 16 (quoting *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)).

In the Commissioner's response brief, she argues that the Appeals Council's decision contains scrivener's errors, but those errors are harmless, and a case should not be remanded for mere scrivener or clerical errors. Def.'s Br. 5, ECF No. 17. The Commissioner argues that while Plaintiff contends that because the Appeals Council's decision erroneously deemed the state agency's denial to be the Commissioner's final decision, and because the reconsideration denial incorrectly applied the Medical-Vocational Guidelines, the case should remanded for re-evaluation, this case has already been re-evaluated through the ALJ's decision, and remanding this case for a second re-evaluation would be a waste of the agency's and taxpayers' resources. Def.'s Br. 6, ECF No. 17. The Commissioner further argues that the ALJ's RFC assessment is supported by substantial evidence and that Plaintiff incorrectly argues that the ALJ must adopt a physician's function-by-function analysis for the ALJ's RFC assessment to be supported by substantial evidence. Def.'s Br. 7, ECF No. 17. The Commissioner argues that, while the ALJ did not fully adopt any of the formal medical opinions in the record, the ALJ cited to other evidence supporting his RFC findings. Def.'s Br. 8, ECF No. 17. The Commissioner also contends that, while Plaintiff cites several unpublished cases from this district in support of her argument that *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995) requires the ALJ's RFC finding to mirror a physician's opinion in the record, the Commissioner states that she respectfully disagrees with those cases. Def.'s Br. 8, ECF No. 17.

In the reply, Plaintiff argues that, while the Commissioner complains that a remand would waste the agency's and taxpayers' resources, this case arrived in this Court due to the Commissioner's compounded errors. Reply 5, ECF No. 18. Plaintiff argues that, three years ago, the Commissioner incompetently applied Section 201.10 to find Plaintiff "not disabled," when Section

201.10 clearly directed the opposite result. Reply 5, ECF No. 18. Plaintiff further argues that, over a year later, the ALJ failed to acknowledge this mistake when issuing a decision that did not mention Section 201.10. Reply 5, ECF No. 18. In addition, Plaintiff argues that when she appealed the ALJ's decision, the Appeals Council disregarded the ALJ's decision and embraced the earlier reconsideration decision that should have rendered Plaintiff disabled if Section 201.10 was correctly applied in the first place. Reply 5, ECF No. 18. Therefore, Plaintiff argues that the responsibility for wasting taxpayer dollars falls squarely on the Commissioner. Reply 5, ECF No. 18. Furthermore, Plaintiff argues that an error is harmless only where it is not conceivable that a different administrative conclusion could have occurred absent the error. Reply 5, ECF No. 18. Plaintiff argues that a different administrative result is not only conceivable absent the Commissioner's errors, but it is inescapable that the Commissioner would have come to a different result given that the Commissioner initially incorrectly applied Section 201.10. Reply 6, ECF No. 18. Plaintiff argues that she was given conflicting reasons as to why she was found not disabled and the Commissioner never resolved this confusion until forced to do so in her response brief. Reply 6, ECF No. 18.

The Commissioner does not specifically address Plaintiff's argument that the initial reconsideration decision misapplied Section 201.10. "If a claimant is 'closely approaching advanced age,' has a 'limited' education, and her only work experience is either unskilled or involves non-transferable skills, the Grids require a finding of disability if the claimant's RFC is limited to sedentary work." *Martinez v. Astrue*, No. 3:10-CV-1655-BK, 2011 WL 2802878, at *7 (N.D. Tex. July 14, 2011) (citing 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 201.09, 201.10). The Disability Determination Explanation stated that Plaintiff was 52 years and 10 months old and that she was closely approaching advanced age, her RFC was sedentary, and that she had no transferable skills.

Tr. 354-65, ECF No. 13-8. Therefore, it appears to the undersigned that, as Plaintiff argues, because the initial reconsideration decision found Section 201.10 applicable, Plaintiff should have been found disabled. However, as Plaintiff points out, the ALJ did not discuss this discrepancy in his subsequent decision. Tr. 21-31, ECF No. 13-3. Furthermore, the Appeals Council, upon review of the ALJ's decision affirmed the initial reconsideration decision that applied Section 201.10. Tr. 1, ECF No. 13-3. While the Commissioner argues that these are mere scrivener's errors, it is not clear to the Court whether the ALJ overlooked the initial misapplication of Section 201.10 and the Appeals Council subsequently overlooked the ALJ's decision. As pointed out by Plaintiff:

> It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, "We must know what a decision means before the duty becomes ours to say whether it is right or wrong."

*S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (citing *United States v. Chicago, M., St. P. & P.R. Co.*, 294 U.S. 499, 511 (1935)). Given the discrepancies pointed out by Plaintiff, the Court is uncertain as to whether they are mere scrivener's errors as the Commissioner contends, or oversights that could have resulted in a different conclusion, if the relevant information was not overlooked. *See Singleton v. Astrue*, No. 3:11-CV-2332-BN, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013) ("Defendant contends that, even if error occurred, the error was harmless . . . . The Court is unable to say what the ALJ would have done. . . . Had the ALJ given proper consideration . . . the ALJ might have reached a different decision as to disability."); *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985; *Dong Sik Kwon v. I.N.S.*, 646 F.2d 909, 916 (5th Cir. 1981))). Given this uncertainty, the

undersigned is not able to conclude that the Commissioner's decision is supported by substantial evidence.

Furthermore, while the Commissioner disagrees with the interpretation by courts in this district of *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995) on the issue of the ALJ's formulation of the RFC, courts have consistently ruled in favor of Plaintiff's position on this issue. *See Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) ("In *Ripley*, we held that an ALJ may not-without opinions from medical experts-derive the applicant's [RFC] based solely on the evidence of [the applicant's] claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions." (citing *Ripley*, 67 F.3d at 557)); *Fitzpatrick v. Colvin*, No. 3:15-CV-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. Mar. 31, 2016) ("[T]he ALJ improperly made an independent RFC finding after declining to rely on any of the medical opinions addressing the effects of Fitzpatrick's mental impairments on his ability to work. . . . Because the ALJ erred by making an RFC determination without medical evidence addressing the effects of Fitzpatrick's impairments on his ability to work, the Commissioner's decision is not supported by substantial evidence." (citing *Thornhill v. Colvin*, No. 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015); *Williams*, 355 F. App'x at 832 n.6)); *Thornhill*, 2015 WL 232844, at *10 ("While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley* . . . . The Court therefore 'cannot agree that the evidence substantially supports the conclusion that [Plaintiff] was not disabled because [the Court is] unable to determine the effects of [Plaintiff's] conditions . . . on [Plaintiff's] ability to perform . . . work.'" (quoting *Ripley*, 67 F.3d at 557-58; citing *Williams*, 355

F. App'x at 831-32)); *Shugart v. Astrue*, No. 3:12-CV-1705-BK, 2013 WL 991252, at *5 (N.D. Tex. Mar. 13, 2013) ("While the ALJ may choose to reject those opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to work, as that is expressly prohibited by *Ripley*. . . . Instead, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work activities that Plaintiff could still perform given her impairments." (citing *Ripley*, 67 F.3d at 557-58)). As the Commissioner concedes, the ALJ's RFC finding was not entirely consistent with any of the formal medical opinions in the record. Def.'s Br. 8, ECF No. 17. However, the ALJ may not "independently decide the effects of Plaintiff's [] impairments on her ability to perform work-related activities[.]" *Thornhill*, 2015 WL 232844, at *10 (citing *Ripley*, 67 F.3d at 557-58). Therefore, the undersigned is unable to state that the Commissioner's decision is supported by substantial evidence based on this ground.

As previously discussed, remand is required only where there is a realistic chance that a different result could have been reached absent the error. *Wilder*, 2014 WL 2931884, at *5. Given that such is the case under these facts, the undersigned finds that a remand is warranted in this case.

**RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 3rd day of January, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).